UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL T. WILLIAMS,

Plaintiff,

-v-

TIMOTHY JONATHAN TALLEY; MARK CUBIN,

Defendants.

DECISION AND ORDER
15-CV-0426EAW

## **INTRODUCTION**

Plaintiff, Michael T. Williams, an inmate at the High Desert State Prison, Indian Springs, Nevada, has filed this *pro se* action alleging that the defendants deprived him of his property by illegally acquiring his patent for a "U-Lace Customizing Lacing System." (Docket No. 1, Complaint.) Plaintiff seeks permission to proceed *in forma pauperis* and a Prison Authorization (Docket No. 2), and has filed motions for counsel (Docket No. 3) and the production of documents (Docket No. 4). For the following reasons, plaintiff is granted permission to proceed *in forma pauperis*, his complaint is dismissed with prejudice pursuant to 28 U.S.C. § § 1915(e)(2)(B) and 195A, and the motions for counsel and the production of documents are denied as moot.

## **DISCUSSION**

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all

of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon,* 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Gomez v. USAA Federal Savings Bank,* 171 F.3d 794, 796 (2d Cir. 1999) (*per curiam* )).

## A. PLAINTIFF'S CLAIMS

The extent of plaintiff's allegations are that defendants "illegally acquired" his patent design shoe lace and re-named it "U-Lace Customizing Lacing System." (Complaint, at 5-6.) He claims that defendant Timothy Jonathan Talley is the founder and CEO of U-Lace and defendant Mark Cubin is an investor. He states that the basis of his claim is that he was deprived of property without just compensation in violation of the Fourteenth Amendment. (*Id.*) Whether plaintiff's claim is construed as a claim under 42 U.S.C. § 1983 alleging a violation of the Fourteenth Amendment or a patent infringement claim under 35 U.S.C. § 271(a), it must be

dismissed for its failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § §

1915(e)(2)(B)(ii) and 1915A(b).

    1. <u>42 U.S.C. § 1983–Fourteenth Amendment</u>

    42 U.S.C. 1983 is "a vehicle through which a private plaintiff may pursue a claim for an

alleged constitutional violation by a person acting under color of state law." *Marisol A. By*

*Forbes v. Giuliani*, 929 F.Supp. 662, 673 (S.D.N.Y. 1996) (citing *Golden State Transit Corp. V.*

*City of L.A.*, 493 U.S. 103, 105 (1989), *aff'd*, 126 F.3d 372 (2d Cir. 1997). Under § 1983, a

plaintiff must show that there has been a denial of a constitutional or federal statutory right and

that the deprivation of such right occurred under color of state law. *See* 42 U.S.C. § 1983; *West*

*v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 does not grant any substantive rights but rather

"provides only a procedure for redress for the deprivation of rights established elsewhere," such

as in the Constitution. *Sykes v. James*, 13 F.3d 515, 519 (2d Cir.1993) (citation omitted), *cert.*

*denied*, 512 U.S. 1240 (1994).

    Plaintiff's claims under § 1983 must be dismissed because he has not alleged that he was

deprived of a constitutional right by a person acting under color of state law. The defendants are

not alleged to be persons acting under color of state law. Accordingly, plaintiffs' claims under §

1983 must be dismissed with prejudice. See *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir.

2000) (finding leave to replead would be futile where the complaint, even when read liberally,

did not "suggest[] that the plaintiff has a claim that she has inadequately or inartfully pleaded and

that she should therefore be given a chance to reframe").

2. Patent Infringement–35 U.S.C. § 271(a)

A claim of patent infringement is governed by 35 U.S.C. § 271(a), which states,

"whoever without authority makes, uses, offers to sell, or sells any patented invention ... during

the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). "The Federal Circuit

has found that the adequacy of a pleading of direct infringement is measured by the specificity

required in Form 18 of the Federal Rules of Civil Procedure." *Joao Control and Monitoring*

*Systems, LLC v. Slomin's, Inc.*, 2015 WL 77516, at *1 (E.D.N.Y., Jan. 6, 2015) (collecting

cases); *see also Gradient Enters, Inc. v. Skype Techs*, 848 F.Supp.2d 404, 407 (W.D.N.Y.2012)

(Larimer, D.J.) ("Not surprisingly, then, the combination of Twombly, Iqbal,[1] ... Form 18, and

Rule 84, has led to differing conclusions among the lower courts about whether a complaint that

complies with the minimum requirements of Form 18 suffices to state a claim for direct patent

infringement.") Under either standard, Iqbal/Twombly or Rule 18, the complaint is wholly

deficient and must be dismissed.

A complaint under Form 18 must include:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent;
> (3) a statement that defendant has been infringing the patent 'by making, selling,
> and using [the device] embodying the patent'; (4) a statement that the plaintiff has
> given the defendant notice of its infringement; and (5) a demand for an injunction
> and damages.

*Joao*, 2015 WL 77516, at *2 (citing *K–Tech Telecomm., Inc. v. Time Warner Cable, Inc.*, 714

F.3d 1277, 1283 (Fed.Cir.2013) (quoting *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation ... requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level....Thus, where a plaintiff 'ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (Twombly's plausibility standard applies to all civil actions.)

(Fed.Cir.2007)).

The only allegation is that defendants illegally acquired plaintiff's patent design. Plaintiff does not even provide what the patent registration number of his shoelace design product is nor even that he has a patent for his product. He simply does not allege adequate facts to support a claim of patent infringement against defendants. Frankly, the Court finds plaintiff's claim to be frivolous frivolous at best. Accordingly, plaintiff's claim, to the extent it alleges patent infringement, must be dismissed with prejudice. *See Cuoco*, 222 F.3d at 112.

## **CONCLUSION**

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee. Accordingly, plaintiff's request to proceed *in forma pauperis* is granted, his motions for counsel and the production of documents are denied and, for the reasons discussed above, the complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. *See* 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**ORDER**

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted and his motions for counsel (Docket No. 3) and the production of documents (Docket No. 4) are denied;

FURTHER, that the complaint is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: August 26, 2015
Rochester, New York